McConville *v.* Gilmour *et al.*, (two cases.)

*Circuit Court, S. D. Ohio, W. D.* August 25, 1888.)

Negotiable Instruments—Actions—Pleading—Denial of Partnership.

An answer to a petition on partnership promissory notes, which sets out that, "not having access to the notes," defendants deny "all allegations thereabouts," does not put in issue the partnership. The denial must be, whether general or specific, so certain that a prosecution for perjury would lie upon it, if untrue.

At Law.

This is a suit upon notes aggregating $36,160, by the agent of the insolvent Metropolitan National Bank of Cincinnati against H. C. Gilmour & Co., composed of H. C. Gilmour and Louisa Gilmour. The petition is as follows:

UNITED STATES CIRCUIT COURT, SOUTHERN DISTRICT OF OHIO, WESTERN DIVISION.

*James McConville, Receiver of the Metropolitan National Bank of Cincinnati, Ohio, Plaintiff,* vs. *Henry C. Gilmour and Louisa Gilmour, doing business under the firm name of Henry C. Gilmour & Co., Defendants.*

PETITION.

Now comes the plaintiff, James McConville, and says that he is the duly-appointed and qualified receiver of the Metropolitan National Bank of Cincinnati, Ohio, which was a corporation organized under the banking laws of the United States, and that as such receiver he is now engaged in winding up the affairs of said bank, and for which purpose this suit is brought. And he further says that he is a citizen and resident of the Southern district of Ohio. Plaintiff says that the said defendants, Henry C. Gilmour and Louisa Gilmour, doing business under the firm name of Henry C. Gilmour & Co., are citizens and residents of the Southern district of Ohio, and of the Western division thereof. Plaintiff further says that he is the holder and owner for value of a certain note of which the defendants, Henry C. Gilmour and Louisa Gilmour, doing business under the firm name of Henry C. Gilmour & Co., are the makers and indorsers. [Here follows a description of the note.]

*Second.* And for second cause of action plaintiff says that he is the holder and owner for value of a certain note, of which the defendants, Henry C. Gilmour and Louisa Gilmour, doing business under the firm name of Henry C. Gilmour & Co., are the makers and indorsers. [Here follows a description of the note.] Wherefore plaintiff prays judgment against the said defendants, Henry C. Gilmour and Louisa Gilmour, doing business under the firm name of Henry C. Gilmour & Co., in the sum of $36,160, with interest, etc., and for his costs. W. B. BURNET & J. E. BRUCE, Attys. for Plff.

The answer is as follows:

UNITED STATES CIRCUIT COURT, SOUTHERN DISTRICT OF OHIO, WESTERN DIVISION.

*James McConville, of the Metropolitan National Bank of Cincinnati, Ohio, Plaintiff,* vs. *Henry C. Gilmour and Louisa Gilmour et al., Defendants.*

ANSWER.

And now come the defendants, and for answer to plaintiff's petition say: (1) They deny that said plaintiff is the duly-appointed and qualified receiver of the Metropolitan National Bank of Cincinnati, Ohio; that as such receiver

he is now engaged in winding up the affairs of said bank; and that plaintiff is a citizen of the Southern district of Ohio; and they demand strict proof thereof. (2) They deny that said plaintiff is the holder or owner of any one of the notes in plaintiff's petition described. (3) They say that, not having access to the notes in said plaintiff's petition described, they deny all the allegations in said petition contained thereabouts. (4) And, further answering, they say that it is true that they at several times executed and delivered to the Metropolitan National Bank their certain promissory notes, and 'that at that time it was agreed between said bank and these defendants that when said notes matured they would be extended upon demand made by these defendants; that such demand was made at that time; that the time at which the debt represented by said notes becomes due has not yet arrived, and, if the notes set forth in said plaintiff's petition are those executed by these defendants to said bank, they are, each and all, subject to said agreement, and said debt is not yet due, and no recovery should be had upon any of the same. Wherefore, having fully answered, defendants ask to be hence dismissed with costs.      CHAMPION and WILLIAMS, Attorneys for Defendants.

*State of Ohio, Hamilton County, ss.:* Henry C. Gilmour, being first duly sworn, says that he is one of the defendants in the above-entitled action, and that the facts set forth, and the allegations contained in the foregoing answer are true, as he verily believes.      HENRY C. GILMOUR.

Sworn to before me, and subscribed in my presence, this 26th day of June, in the year 1888.      JAS. J. MUIR,
            Notary Public, Hamilton County, Ohio. [Seal.]

By stipulation the case was tried without a jury, and the plaintiff offered in evidence the notes, to which objection was made as not being proved to be the notes of the defendants. Without any ruling on the objection, the plaintiff offered a witness,—the cashier of the bank,—who testified that the notes were signed by Henry C. Gilmour in the form of the firm signature, "H. C. GILMOUR & Co.;" and thereupon the plaintiff rested. The defendants moved for judgment upon the ground that the alleged partnership was not proven by the plaintiff, and that, at least, there could be no judgment against Louisa Gilmour, who did not sign the notes, nor was any authority shown to bind her, by a partnership signature or otherwise.

*W. B. Burnet* and *John E. Bruce*, for plaintiff.
*Champion & Williams* and *Logan & Slattery*, for defendants.

HAMMOND, J., (*after stating the facts as above.*) The modern rule of the codes and statutes, unlike the common law, does not require proof of the execution of the notes, except upon some sworn denial of that execution by a plea of *non est factum*, or that which is equivalent to it. Such a plea, by one alleged to be a member of a partnership, puts in issue the partnership itself, because denying the authority of him who signed the note to bind him who denies the execution of it, as one partner may bind another. This is conceded, as I understand it, to be the law of Ohio. But it is said that this answer, by its paragraph 3, is such a denial, and sufficient in Ohio to put the plaintiff to the proof of each and every allegation of the petition. But it is to be observed that the paragraph does not deny each and every allegation of the petition in so many words, as is usual where such an effect is intended by the pleader; nor does it

specifically deny the execution of the notes, as would a technical plea of
*non est factum;* nor yet does it specifically deny the averment of a part-
nership, as is customary where the practice of petition and answer pre-
vails, and assimilates the forms more to those used in equity than to
those used at law, as in Ohio. It denies "all allegations in said petition
contained thereabouts," which is a very unique and peculiar form of
denial within itself, to say the least of it. It is neither like the general
denial of a plea at law, nor the specific denial of an answer or plea in
equity. It is a qualified denial in its form, and is, upon the face of it,
less in some degree than the general issue at law, or the general denials
in use in equity pleadings. When we search for the limitations of the
qualifying words "all allegations thereabouts," we find them as we may
and must in the immediately preceding context, and in the general scope
of the answer. In the first place, the answer itself, as a whole, is, in
form, not one contented with a general denial, however inartificial or in-
definite, but contains not less than four specific denials in two separate
paragraphs preceding the paragraph in question, and in one succeeding
paragraph an admission that is accompanied by allegations of matter in
avoidance that are couched in the language of specific and definite aver-
ment; the pleading altogether showing an intention to deny specifically,
and not generally. Coming then to the third paragraph, the pleader sets
out that, "not having access to the notes," the defendants deny "all al-
legations thereabouts,"—discarding all mere formal words, this is the
substance of it. Every allegation in the petition relates to the notes in
the sense that they are the subject of the demand of the petition for judg-
ment upon them, the averment of the partnership of the defendants being
neither more nor less "thereabouts" than the others, which are specifically
denied, every one of them. Why, then, should that be reserved for a
general denial, indefinite and ambiguous, while all other are specifically
treated? At least such a method militates against any indulgence of im-
plications in favor of the pleading as one of general denial, and precludes
the notion of making it more elastic than it actually is by implications of
an intention to include within it the denial of a fact not clearly within
its natural scope of meaning.

Again, the averment of partnership, or rather the defendants' knowl-
edge of the fact of partnership, in no way connects itself with access to
the notes. It was not necessary to have access to the notes to know
whether the averment of partnership was true or not, nor to determine
whether the defendants would deny that allegation of the petition or
not; wherefore the language used naturally limits itself to all allegations
about the notes which were dependent upon access to them as a means
of specific knowledge concerning the fact intended to be denied, and
this, in the nature of the thing, must be confined to a lack of knowl-
edge of the genuineness of the partnership signature, and not to any
lack of information as to the fact of the partnership itself. Not having
seen the signatures to the notes, the defendants might well say we do
not know that they are the genuine signatures of our firm; but because
of that they need not say that we deny that we were partners, nor do the

two depend at all upon each other. This is made more plain by the next paragraph, which admits the execution of certain notes, and avers that, if these are those notes, we had a promise of extension. That paragraph was stricken out on motion of plaintiffs, as not being a sufficient defense, but it may be looked to in construing the pleading as a whole, or the language of any particular part of it. The court is aware of the force of the position that the plea of *non est factum*, or a denial of the genuineness of a firm signature, may be made in such shape as to place on the plaintiff the burden of proving not only the execution of the note as to the genuineness of its signature, but as to the authority of one assuming to bind another as a partner; and under common-law procedure, the technical form for a plea of *non est factum* being used, such would be the result; but under Code pleading it is within the option of the pleader to plead generally or specifically, and whether he has, outside of the common law-forms or their equivalents in Code pleading, by the use of language, done one or the other, is always open to inquiry, and he will be held to the common rules of construction in the use of the language used in determining the inquiry  A denial in pleading should be so specific and unequivocal that an indictment for perjury would lie upon the denial. Bliss, Code Pl. § 331; *Lewis* v. *Coulter*, 10 Ohio St. 451. Could the defendants here be indicted for perjury if the partnership exists in fact, because of this alleged denial of it?  Manifestly the pleader intended to escape that calamity, if the averment at all contemplated a denial of the partnership; and if successfully he has escaped it, it is on the theory that the partnership is not, in fact, denied by the pleading. The defendants cannot be permitted to use language as and for a general denial of the partnership, which, upon an indictment for perjury, would protect them because of its ambiguity. If not good on an indictment for perjury, it is not good here in this case for the purpose of a denial of the partnership. The entire language of a pleading must be taken together to ascertain the meaning. *Trimble* v. *Doty*, 16 Ohio St. 130. We cannot, therefore, strike out as surplusage the qualifying words, and pick out only such as would give the pleader the benefit of a general denial upon verified pleadings for the purposes of issue, and yet leave him to escape a prosecution for perjury by relying on the surplus words to qualify his oath. Judgment for plaintiff.